United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 18-23993-Civ-Scola ) |
| Timothy J. Atkinson and others, Defendants. | ) ) ) |

**Final Judgment as to Defendants**
**William E. Berry and Berry Mediaworks, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendants William E. Berry and Berry Mediaworks, LLC (collectively, "Defendants" or "Berry Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**It is hereby ordered, adjudged, and decreed** that the Berry Defendants are each permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a)   to employ any device, scheme, or artifice to defraud**;**
   (b)   to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
   (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (1) creating a false appearance or otherwise deceiving any person or (2) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or

transmitting, either orally or in writing, any false or misleading communication to any investor or prospective investor, about:

 (i)  any investment in, trading in, or offering of securities;
 (ii)  the prospects for success of any product or company;
 (iii)  the use of investor funds;
 (iv)  the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or
 (v)  the registration status of such offering or of such securities.

## II.

**It is further ordered, adjudged, and decreed** that the Berry Defendants are each permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a)  to employ any device, scheme, or artifice to defraud;

 (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (1) creating a false appearance or otherwise deceiving any person or (2) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or transmitting, either orally or in writing, any false or misleading communication to any investor or prospective investor, about:

 (i)  any investment in, trading in, or offering of securities;
 (ii)  the prospects for success of any product or company;
 (iii)  the use of investor funds;
 (iv)  the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or
 (v)  the registration status of such offering or of such securities.

## III.

**It is further ordered, adjudged, and decreed** that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], the Berry Defendants are each permanently restrained and enjoined from, directly or indirectly, including through any entity either of them may own or control, participating in the

marketing, offering, or selling of securities over the Internet or via email or by other forms of electronic communication; provided, however, that such injunction shall not prohibit Berry from offering, purchasing, or selling securities for his personal investment or for investments by members of his immediate family.

IV.

**It is further ordered, adjudged, and decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs I, II and III also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of the Berry Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either of them or with anyone described in (a).

V.

**It is hereby further ordered, adjudged, and decreed** that the Berry Defendants are jointly and severally liable for disgorgement of $512,259.00, representing profits gained by them as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $38,247.89, for a total of $550,506.89.

The Berry Defendants shall satisfy this obligation by paying installments according to the following schedule: (1) $55,000.00 within fourteen days of entry of this Final Judgment; (2) the balance of $495,506.89 within twelve months of the entry of the Final Judgment. However, because the Commodity Futures Trading Commission ("CFTC") in another proceeding also seeks disgorgement against the Berry Defendants for the same conduct at issue in the Complaint (but based on violations of laws and rules enforced by the CFTC), any disgorgement or interest on disgorgement that they have paid or do pay to the CFTC as a result of that proceeding shall, a dollar for dollar basis, reduce their disgorgement or interest obligations in this case.

The Berry Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. They may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch

      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "William E. Berry and Berry Mediaworks, LLC" as defendants; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this case.

    By making payments, the Berry Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after fourteen days of the entry of Final Judgment. Prior to making the final payment set forth herein, the Berry Defendants shall contact the staff of the Commission for the amount due for the final payment.

    The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

    If Berry Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court. They shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission may enforce this Final Judgment for disgorgement and all forms of interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time following the failure to timely satisfy this Final Judgment.

VI.

    **It is further ordered, adjudged, and decreed** that based on the Berry Defendants' cooperation and agreement to continue to cooperate in a Commission investigation, and in this and other related enforcement actions, the Court is not ordering either of them to pay a civil penalty. If at any time the Commission obtains information indicating that either of these Defendants

knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Berry Defendants, petition the Court for an order requiring each of them to pay a civil penalty. In connection with any such petition and at any hearing held on such a motion: (a) these Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) these Defendants may not challenge the validity of this Judgment, their Consent to this Judgment, or any related undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

VII.

**It is further ordered, adjudged, and decreed** that the Berry Defendants' Consent to this Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that these Defendants shall comply with all of the undertakings and agreements set forth therein.

VIII.

**It is further ordered, adjudged, and decreed** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by the Berry Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by these Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violations by each of these Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

**It is further ordered, adjudged, and decreed** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**Done and ordered** at Miami, Florida, on October 11, 2018.

Robert N. Scola, Jr.
United States District Judge