United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Securities and Exchange Commission, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-23993-Civ-Scola |
| Timothy J. Atkinson and others, Defendants. | ) ) ) | |

## Final Judgment as to Defendant Shmuel Pollen

The Securities and Exchange Commission having filed a Complaint and Defendant Shmuel Pollen ("Defendant" or "Pollen") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**It is hereby ordered, adjudged, and decreed** that Pollen is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud**;**

    (b)    to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (1) creating a false appearance or otherwise deceiving any person or (2) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or

transmitting, either orally or in writing, any false or misleading communication to any investor or prospective investor, about:

    (i)     any investment in, trading in, or offering of securities;
    (ii)    the prospects for success of any product or company;
    (iii)   the use of investor funds;
    (iv)   the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or
    (v)    the registration status of such offering or of such securities.

### II.

**It is further ordered, adjudged, and decreed** that Pollen is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (1) creating a false appearance or otherwise deceiving any person or (2) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or transmitting, either orally or in writing, any false or misleading communication to any investor or prospective investor, about:

    (i)     any investment in, trading in, or offering of securities;
    (ii)    the prospects for success of any product or company;
    (iii)   the use of investor funds;
    (iv)   the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or
    (v)    the registration status of such offering or of such securities.

### III.

**It is further ordered, adjudged, and decreed** that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Pollen is permanently restrained and enjoined from, directly or indirectly, including through any entity he may own or control, participating in the marketing, offering, or selling

of securities over the Internet or via email or by other forms of electronic communication; provided, however, that such injunction shall not prohibit Pollen from offering or selling securities for his own personal account.

IV.

**It is further ordered, adjudged, and decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs I, II and III also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of Pollen's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Pollen or with anyone described in (a).

V.

**It is hereby further ordered, adjudged, and decreed** that Pollen is liable for disgorgement of $85,000, representing profits gained by him as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,990, and a civil penalty in the amount of $42,500, for a total of $134,490.00.

Pollen shall satisfy this obligation by paying installments according to the following schedule: (1) $8,500 within fourteen days of entry of this Final Judgment; (2) the balance of $125,990.00 within twelve months of the entry of the Final Judgment. However, because the Commodity Futures Trading Commission ("CFTC") in another proceeding also seeks disgorgement and a civil penalty against Pollen for the same conduct at issue in the Complaint (but based on violations of laws and rules enforced by the CFTC), any disgorgement, interest on disgorgement or civil penalty that he has paid or will pay to the CFTC as a result of that proceeding shall, a dollar for dollar basis, reduce his disgorgement, interest obligations or civil penalty in this case.

Pollen may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. He may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action

number, and name of this Court; "Shmuel Pollen" as defendant; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this case.

By making payments, Pollen relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after fourteen days of the entry of Final Judgment. Prior to making the final payment set forth herein, Pollen shall contact the staff of the Commission for the amount due for the final payment.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

If Pollen fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court. He shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission may enforce this Final Judgment for disgorgement and all forms of interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time following the failure to timely satisfy this Final Judgment.

## VI.

**It is further ordered, adjudged, and decreed** that Pollen's Consent to this Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that this Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**It is further ordered, adjudged, and decreed** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Pollen, and further, any debt for disgorgement, prejudgment interest, civil penalty or

other amounts due by this Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violations by the Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

**It is further ordered, adjudged, and decreed** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**Done and ordered** at Miami, Florida, on October 11, 2018.

_____
Robert N. Scola, Jr.
United States District Judge