United States District Court
for the Southern District ff Florida

Case No. 18-cv-23993-RNS

Securities And Exchange Commission,

    Plaintiff,

v.

Timothy J. Atkinson, Jay Passerino, All In Publishing, LLC, William E. Berry, Berry Mediaworks, LLC, and Shmuel Pollen,

    Defendants.

### Final Judgment as to Defendants Timothy J. Atkinson and All In Publishing, LLC

The Securities and Exchange Commission having filed a Complaint and Defendants Timothy J. Atkinson and All In Publishing, LLC (collectively, "Defendants" or "Atkinson Defendants"), having been served with the Complaint; having consented to the Court's jurisdiction over them and the subject matter of this action; having consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction, except as to any admissions made by either of the Defendants in the related case of *Commodity Futures Trading Commission v. Timothy Joseph Atkinson, et al.*, Case No. 1:18-cv-23992-JEM, and except as otherwise provided herein in paragraph VIII), waived findings of fact and conclusions of law; and having waived any right to appeal from this Final Judgment:

I.

**It is hereby ordered, adjudged, and decreed** that the Atkinson Defendants are each permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

1

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a)   to employ any device, scheme, or artifice to defraud;

   (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (1) creating a false appearance or otherwise deceiving any person, or (2) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or transmitting, either orally or in writing, any false or misleading statement in any communication to any investor or prospective investor, about:

   (i)    any investment in, trading in, or offering of securities;
   (ii)   the prospects for success of any product or company;
   (iii)  the use of investor funds;
   (iv)   the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or
   (v)    the registration status of such offering or of such securities.

II.

**It is hereby further ordered, adjudged, and decreed** that the Atkinson Defendants are each permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

   (a)   to employ any device, scheme, or artifice to defraud;

   (b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

   (c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (1) creating a false appearance or otherwise deceiving any person, or (2) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or transmitting, either orally or in writing, any false or misleading statement in any communication to any investor or

prospective investor, about:

    (i)    any investment in, trading in, or offering of securities;
    (ii)    the prospects for success of any product or company;
    (iii)    the use of investor funds;
    (iv)    the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or
    (v)    the registration status of such offering or of such securities.

III.

**It is hereby further ordered, adjudged, and decreed** that the Atkinson Defendants are each permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

**It is hereby ordered, adjudged, and decreed** that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], the Atkinson Defendants are each permanently restrained and enjoined from directly or indirectly, including through any entity either of them may own or control, participating in the marketing, offer, or sale of securities over the internet or via email or other forms of electronic communication; provided, however, that such injunction shall not prohibit Timothy Atkinson from offering, purchasing, or selling securities for his personal investment or for investments by members of his immediate family;

V.

**It is further ordered, adjudged, and decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs I, II, III and IV also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) any of the Atkinson Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either of them or anyone described in (a).

VI.

**It is hereby further ordered, adjudged, and decreed** that the Atkinson Defendants are jointly and severally liable for disgorgement of $27,208,987.27 as a result of the conduct alleged in the Complaint attributable to either or both of them, together with pre-judgment interest in the amount of $2,824,935.25, for a total of $30,033,922.52. The Atkinson Defendants' $30,033,922.52 disgorgement and prejudgment interest payment obligation shall be offset, up to the full amount of said payment obligation, by the judgment amount awarded for disgorgement and restitution in *Commodity Futures Trading Commission v. Timothy Joseph Atkinson, et al,* Case No. 1:18-cv-23992-JEM (the "CFTC Action"). Mr. Atkinson is further liable to the Commission for a civil penalty in the amount of $27,208,987.27. However, his civil penalty liability to the Commission shall be reduced by an amount equal to any amount that he pays to the CFTC in payment of any penalty imposed in the CFTC Action.

Mr. Atkinson shall transmit payment of the penalty electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment to the Commission may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Mr. Atkinson may also pay the penalty by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "Timothy J. Atkinson" as defendant; and specifying that payment is made pursuant to this Final Judgment. In making payment to the Commission for the penalty imposed by this Final Judgment, or making payment to the CFTC for any penalty imposed in the CFTC Action, Mr.

4

Atkinson shall simultaneously transmit photocopies of evidence of his payment to either agency, and case identifying information, to the Commission's counsel in this case.

By making payments, Mr. Atkinson relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. The Commission shall hold the funds it receives from Mr. Atkinson and may propose a plan to distribute the penalty subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the penalty. If the Commission staff determines that the penalty will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce this Final Judgment as authorized by law at any time following the failure to timely satisfy this Final Judgment.

## VII.

**It is further ordered, adjudged, and decreed** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that the Atkinson Defendants shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**It is further ordered, adjudged, and decreed** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by the Atkinson Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by these Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by each of these Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IX.

**It is further ordered, adjudged, and decreed** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**Done and Ordered** at Miami, Florida, on June 5, 2019

_____
Robert N. Scola, Jr.
United States District Judge